**In re Terri Y. LEA, Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 422762).

No. 10–BG–108.

District of Columbia Court of Appeals.

Submitted Oct. 21, 2010.
Decided Jan. 20, 2011.

See also, 969 A.2d 881.

Before KRAMER, FISHER, and THOMPSON, Associate Judges.

PER CURIAM:

In a Report and Recommendation dated February 4, 2010, the Board on Professional Responsibility (the "Board"), having determined that the findings of a Hearing Committee were supported by substantial evidence in the record as a whole, found that respondent Terri Y. Lea violated D.C. Bar Rule XI, § 2(b)(3) (failure to comply with Board order), as well as the following District of Columbia Rules of Professional Conduct: Rule 5.5(a) (unauthorized practice of law); Rule 7.1 (making a false or misleading communication about the lawyer or her services); Rule 7.5 (using a letterhead or other professional designation that violates Rule 7.1); 8.1(b) (failing to respond to Bar Counsel's lawful demand for information); Rule 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(d) (conduct that seriously interferes with the administration of justice). The Board recommends that this court suspend respondent

for 180 days "in addition and consecutive to the period of suspension" that we imposed in *In re Lea* (*Lea I*), 969 A.2d 881 (D.C.2009). We adopt the Board's recommendation.

On September 30, 2003, respondent was administratively suspended from the District of Columbia Bar for non-payment of dues, and she has not since been reinstated. On October 13, 2006, however, she left a telephone message with a GEICO claims representative saying that she "represented" a claimant regarding an accident that occurred on October 5, 2006. Subsequently, respondent and the claims representative spoke by telephone on eleven occasions, during which respondent gave the claims representative "the impression that she was an attorney, licensed to practice law." Respondent also referenced a potential jury verdict her client might receive if respondent had to sue GEICO on the client's behalf. In addition, respondent sent GEICO a formal demand letter using letterhead with the legend "Terri Y. Lea, Esquire, 4607 Connecticut Avenue, Northwest, Suite 805, Washington, The District of Columbia 20008." The letter demanded over $23,000 as a settlement of the claims of respondent's "client" against GEICO's insured, and was signed as "Terri Y. Lea, Esq."

Subsequently, GEICO learned that respondent was suspended from the practice of law, and brought her conduct to Bar Counsel's attention. Bar Counsel's investigator called respondent and confirmed the correct address at which to reach her, after which the Office of Bar Counsel sent her letters on September 12 and October 3, 2007. The letters asked respondent to provide a "written response ... to each allegation of misconduct" and specifically to explain why she was engaged in the practice of law while she was suspended. Respondent failed to respond to either

letter, and on October 22, 2007, a staff attorney in the Office of Bar Counsel telephoned her to inquire as to why. Respondent told the attorney that she had received the letters but had not yet had time to respond, and asked for an extension until November 15, 2007, which was granted. However, by November 20, 2007, respondent still had not replied to the letters, and Bar Counsel filed a motion with the Board seeking an order requiring respondent to respond to the complaint. The Board entered the requested order on December 5, 2007, but respondent did not comply with it.

On June 19, 2008, Bar Counsel initiated a formal disciplinary proceeding against respondent. The Office of Bar Counsel attempted to serve respondent personally with the Petition and Specification of Charges at three different addresses: a Washington, D.C. address listed on the letterhead respondent sent to GEICO; a separate Washington, D.C. address that the Office discovered as a possible address for respondent; and a Pennsylvania address where respondent's mother resides, at which respondent told Bar Counsel "that she reliably receives mail." Since those attempts to serve respondent were unsuccessful, this court granted Bar Counsel's motion to serve respondent by alternative means, which Bar Counsel then carried out.

On April 23, 2009, in a separate matter, this court suspended respondent from the practice of law in the District of Columbia for thirty days and required that she prove her fitness to practice law before being readmitted. *Lea I*, 969 A.2d at 882–83. We adopted the Board's findings that respondent had failed to respond to Bar Counsel's lawful demand for information (in violation of Rule of Professional Conduct 8.1(b)), engaged in conduct that seriously interfered with the administration of

justice (in violation of Rule of Professional Conduct 8.4(d)), and failed to comply with a Board order (in violation of D.C. Bar Rule XI, § 2(b)(3)).

After a June 11, 2009, hearing on the instant matter, an Ad Hoc Hearing Committee issued a Report and Recommendation finding that respondent violated the rules listed above and recommending that she be suspended for 180 days "in addition and consecutive to the period of suspension" imposed for her prior violations. The Committee also concluded that a fitness requirement would be appropriate, but that such a requirement was unnecessary since this court had already imposed a fitness requirement in *Lea I.*

The Board adopted *in toto* the Hearing Committee's findings of fact. The Board noted that the "single most important determinant of [its] sanction recommendation" was that respondent's violations, "serious in themselves," occurred while the Board's recommended suspension for respondent's persistent refusal to respond to Bar Counsel's inquiries in *Lea I* was pending before this court. The Board found that respondent's blatant disregard of the District's unauthorized practice of law regulation, her repeated refusal to respond to Bar Counsel's request for a response to allegations against her, and her dishonesty in holding herself out as a lawyer authorized to practice in the District of Columbia rendered a suspension of 180 days "amply warranted by the record." The Board also recommended that respondent be put "on notice" that she will need to "address [her] misconduct involved in this case" if and when she seeks reinstatement. Although the Hearing Committee recommended that respondent's reinstatement be conditioned on her responding to the complaints against her, the Board concluded that since this court's acceptance of the recommendation of a 180–day suspension "would adjudicate the ethical complaints in this matter, ... a requirement that Respondent make a response to those complaints" is not necessary.

Respondent did not participate in the proceeding before the Hearing Committee or the Board, and neither the Office of Bar Counsel nor respondent has taken exception to the Board's Report and Recommendation. As the matter thus is uncontested and as there is substantial support in the record for the Board's findings and the recommended discipline falls within the range of discipline imposed for similar conduct, we accept the Board's findings and recommendation.

Accordingly, it is

ORDERED that Terri Y. Lea is suspended from the practice of law in the District of Columbia for 180 days. The suspension shall commence immediately following Ms. Lea's suspension in *Lea I.* We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and its effect on her eligibility for reinstatement, and note that she will be required to address her misconduct at the time she seeks reinstatement.

*So ordered.*